IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


GILES KADRI                                                               PETITIONER
REG. #25408-013

VS.                       CASE NO. 2:05CV00140 JMM/HDY


LINDA SANDERS,
WARDEN, FCI FORREST
CITY, ARKANSAS                                                             RESPONDENT


**PROPOSED FINDINGS AND RECOMMENDATIONS**


**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

1

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Giles Kadri, a federal prisoner housed at the Federal Correctional Institution ("FCI") in Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. Mr. Kadri was convicted in the United States District Court, District of Colorado, and sentenced to a 180 month term of imprisonment. He states that in his petition that his scheduled transfer date to a halfway house (also known as "Community Correction Center" or "CCC) is on or about January 6, 2007. The respondent indicates that no decision has been made with regard to whether and when Mr. Kadri will be referred for CCC placement. This assertion of the respondent is supported by the

affidavit of James D. Crook, Supervisory Attorney, United States Department of Justice. Mr. Crook also provides a copy of a pertinent Program Statement, which indicates that the decision on CCC placement normally occurs 11 to 13 months before an inmate's probable release date. As a result, the respondent indicates no decision will be made with regard to Mr. Kadri's CCC placement until the middle of 2006. The petitioner's Sentence Monitoring Computation Data, also attached as an exhibit to the Answer, shows Mr. Kadri's pre-release preparation date as November 7, 2006. This date, presumably the date on which he is scheduled to be assigned for CCC placement, provides for more than six months in CCC confinement. Respondent's Answer, page 7, and attachment. In his reply, docket entry no. 8, page 3, Mr. Kadri concedes that he has not yet received an official calculation of his CCC placement date.

The sole claim for relief in this case relates to his CCC placement. Citing *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004) and the Bureau of Prisons ("BOP") policy prior to December of 2002, Mr. Kadri contends he should be considered for halfway house placement for up to the final 180 days of his sentence. For relief, the petitioner requests that he be reconsidered for 180 days in the halfway house.

The respondent argues that this case should be dismissed because the petitioner's lacks standing. This argument is meritorious. While Mr. Kadri wishes to challenge the BOP's policy promulgated in February of 2005, this policy has not been applied to him. The United States Supreme Court guides our consideration of Mr. Kadri's status:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, see *id.,* at 756, 104 S.Ct., at 3327; *Warth v. Seldin,* 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975); *Sierra Club v.*

> *Morton,* 405 U.S. 727, 740-741, n. 16, 92 S.Ct. 1361, 1368-1369, n. 16, 31 L.Ed.2d 636 (1972); [footnote omitted] and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " *Whitmore, supra,* 495 U.S., at 155, 110 S.Ct., at 1723 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ⋯ trace[able] to the challenged action of the defendant, and not ⋯ th[e] result [of] the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.,* at 38, 43, 96 S.Ct., at 1924, 1926.

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992).

Mr. Kadri does not satisfy the basic standing requirements emanating from Article III of the Constitution and the limitation that there must be a case or controversy in order to invoke federal court jurisdiction. Since the February 2005 BOP Policy has not been applied to him, Mr. Kadri has not suffered an injury in fact. This flaw is fatal to the petition[1].

Based upon the lack of standing of the petitioner, we recommend that the petition for writ of habeas corpus be dismissed without prejudice, and the relief requested denied.

DATED this __25__ day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] We note that other petitions filed by inmates with lengthy sentences have met a similar fate. *See, e.g, Sanders v. Menifee*, 2004 WL 1562734 at 3 (S.D.N.Y. July 13, 2004) and *Varona v. Menifee*, 2004 WL 1161168 at 2 (S.D.N.Y. May 24, 2004). Both of these cases were challenges to an earlier BOP Policy rather than the February 2005 Policy. However, the rationale behind these decisions applies to Mr. Kadri's case.